UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JULIO MILLS                    :
                               :              PRISONER
        v.                     :      Case No. 3:04cv1425(CFD)
                               :
KITCHEN SUPERVISOR CARUCCI     :
```

## RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Julio Mills ("Mills") filed this civil rights action *pro se* pursuant to 28 U.S.C. § 1915.  He alleges that he broke his tooth after biting a foreign object in his food and, on another occasion, suffered rectal bleeding after eating in the dining hall at the State of Connecticut MacDougall Correctional Institution ("MacDougall").  The defendant moves for summary judgment.  For the reasons that follow, the defendant's motion is granted.

I.  Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact....'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991). The court "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, NY, 375 F.3d 206, 218 (2d Cir. 2004). A party may not create a genuine issue of material fact by resting on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14

2

F.3d 787, 790 (2d Cir. 1994).  Despite this liberal

interpretation, however, a "bald assertion," unsupported by

evidence, cannot overcome a properly supported motion for summary

judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.  Facts[1]

Mills currently is confined at the Cheshire Correctional

Institution.  From August 29, 2003, through September 10, 2004,

however, he was confined at MacDougall.

Inmate meals are prepared in the institutional kitchen

shared by the MacDougall and Walker Correctional Institutions.

The kitchen is staffed by correctional employees and inmates.

Much of the food preparation is done by inmates under the

supervision of kitchen supervisors.  All kitchen supervisors are

correctional employees.  Defendant Carucci is a correctional

kitchen employee and denominated "Food Services Supervisor III".

---

[1]The facts are taken from the defendant's Statement of
Undisputed Material Facts [doc. #19-2] and the exhibits attached
to his memorandum [doc. #19-1].  On January 31, 2006, and again
on February 22, 2006, the court filed notices [docs. ##21, 22]
informing Mills of his obligation to respond to the motion for
summary judgment and of the contents of a proper response.
Although Mills responded to the notices, he did not submit a
Local Rule 56(a)2 Statement or any supporting evidence.
Accordingly, the defendant's facts are deemed admitted.  See D.
Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said
statement will be deemed admitted unless controverted by the
statement required to be served by the opposing party in
accordance with Rule 56(a)2.").

He does not prepare inmate meals, but he oversees food ordering, preparation and service.

Mills alleges that he broke his tooth on December 11, 2003, when he bit down on a hard object in his food.  The dentist for the facility examined Mills following the incident but the examination revealed only tooth decay.

Mills also alleges that on July 6, 2004, a few hours after eating in the MacDougall dining hall, he experienced rectal bleeding.  Mills refused to go to the medical department for sick call on July 14, 2004.  After Mills was transferred to the Cheshire Correctional Institution, in September 2004, he attended sick call three times.  At none of these visits, in October and November 2004, did Mills complain of rectal bleeding.

III. Discussion

Defendant Carucci moves for summary judgment on four grounds:  (1) all claims against him in his official capacity are barred by the Eleventh Amendment, (2) Mills fails to establish the personal involvement of Carucci in his claims, (3) Mills failed to exhaust his administrative remedies before commencing this action and (4) Mills fails to state a cognizable claim for relief.

In response to the court's notices informing Mills of his obligation to respond to the motion for summary judgment and

4

describing the contents of a proper response, Mills stated that
he already presented the court all required information.[2]  Any
other information is in his "mind and body."  (Doc. #25 at 1.)
The court assumes that Mills is referring to his alleged medical
conditions.  For the purposes of deciding this motion, the court
assumes that Mills would be able to present evidence suggesting
that he did suffer the two injuries he alleges.

    A.   Eleventh Amendment

    The defendant argues that all claims for damages against him
in his official capacity are barred by the Eleventh Amendment.

    The Eleventh Amendment immunity which protects the state
from suits for monetary relief also protects state officials sued
for damages in their official capacity.  See Kentucky v. Graham,
473 U.S. 159 (1985).  A suit against a defendant in his official
capacity is ultimately a suit against the state if any recovery

_____

    [2]Mills also references problems contacting his attorney and
states that items were taken from him during a search.  (See
Docs. ##23, 25, 27.)  The correctional officers referenced in
these documents are not defendants in this case.  In addition,
Mills is not represented by counsel in this action and there is
no claim of denial of access to attorneys or the courts in the
complaint.  Although the court directed him to identify the
attorney he referenced, Mills did not do so.  In his description
of one incident, however, Mills stated that he was told that the
attorney he wanted to call would not accept a collect call
because the attorney did not currently represent him.  Thus, it
appears that Mills may have wished to make telephone calls to
seek representation in this or another case.  The court concludes
that, based on this record, Mills' letters concern matters
unrelated to the incidents giving rise to this action.

would be expended from the public treasury.  See Pennhurst State
Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

Mills does not specify in the complaint whether he seeks
damages from the defendant in his official or individual
capacity.  Because the official capacity claims for damages are
not cognizable under Section 1983, defendant's motion for summary
judgment is granted as to these claims.

B.   Personal Involvement

The defendant next argues that Mills has not alleged any
facts demonstrating his personal involvement in any incident that
would give rise to a violation of Mills' constitutionally
protected rights.

As mentioned above, Carucci is a kitchen supervisor for the
Department of Correction.  "A supervisor may not be held liable
under Section 1983 merely because his subordinate committed a
constitutional tort."  Leonard v. Poe, 282 F.3d 123, 140 (2d Cir.
2002).  Section 1983 imposes liability only on the official
causing the violation.  Thus, the doctrine of respondeat superior
is inapplicable in Section 1983 cases.  See Blyden v. Mancusi,
186 F.3d 252, 264 (2d Cir. 1999); Prince v. Edwards, No. 99 Civ.
8650(DC), 2000 WL 633382, at *6 (S.D.N.Y. May 17, 2000)
("Liability may not be premised on the respondeat superior or
vicarious liability doctrines, ... nor may a defendant be liable

6

merely by his connection to the events through links in the chain of command.")(internal quotations and citation omitted). However,

> [A] supervisor may be found liable for his deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring or for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link between the supervisor's inaction and [his] injury.

Leonard, 282 F.3d at 140.

Mills does not set forth any facts suggesting that Carucci prepared his meals on either day of the two incidents, or directly supervised the inmates or employees who did prepare the meals. Carucci also states that Mills did not inform him of the incidents and Mills does not allege that he informed Carucci of the incidents. If Mills seeks damages for alleged problems with the food provided, he has not shown an affirmative causal link between his injuries and any action or inaction by Carucci. He has not provided any evidence of a policy that led to the allegedly improper food preparation or alleged any facts suggesting that Carucci was grossly negligent in supervising kitchen staff. Because respondeat superior will not support a Section 1983 claim against Carucci, the motion for summary

7

judgment is granted as to all claims against Carucci for improper food preparation.

To the extent that the complaint may be construed as seeking damages for denial of proper medical and dental care, Mills' claim is not cognizable in this action.  The only named defendant, Kitchen Supervisor Carucci, is not a member of the medical or dental staff.  He cannot provide medical or dental treatment or ensure that such treatment is timely provided.  Thus, to the extent that the complaint may be construed as alleging deliberate indifference to serious medical needs, the complaint fails to state a cognizable claim against this defendant.

Carucci's motion for summary judgment is granted on the ground that Mills has not presented any evidence demonstrating Carucci's personal involvement in the incidents giving rise to this action.

IV.  <u>Conclusion</u>

The defendant's motion for summary judgment [**doc. #19**] is **GRANTED**.  The Clerk is directed to enter judgment in favor of the defendant and close this case.

**SO ORDERED** this 31st day of July, 2006, at Hartford, Connecticut.

<u>    /s/ CFD                        </u>
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE